NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADEEM MIRZA, individually, and on behalf of other members of the general public similarly situated,<br><br>             Plaintiff,<br><br>     vs.<br><br>MCROBERTS PROTECTIVE AGENCY, INC., a New York corporation, and DOES 1-10, inclusive,<br><br>             Defendants. | Case No.: CV 14-2356 SJO (FFMx)<br><br>[Assigned to Hon. S. James Otero]<br><br>**[PROPOSED] ORDER ON PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**<br><br>**CLASS ACTION**<br><br>**DISCOVERY MATTER**<br><br>Complaint Filed: January 30, 2014<br>Trial Date: June 16, 2015 |

## ORDER

This is a proposed wage and hour class action for alleged violations of the California Labor Code and unfair business practices brought by Plaintiff Nadeem Mirza ("Plaintiff" or "Mr. Mirza"), on behalf of himself and a putative class of Security Guards against Defendant McRoberts Protective Agency, Inc. ("Defendant" or "McRoberts"). Pursuant to the stipulation of the parties, the Court orders that the following shall govern the disclosure of information in this case. The Parties have stipulated as follows:

1.      Plaintiff's allegations of purported violations of the California Labor Code and unfair business practices may require disclosure of private and/or confidential

information regarding Defendant's current and/or former employees, including information about employees' pay, contact information and/or performance histories. In addition, Defendant expects that Plaintiff may request, and Defendant may need to produce, trade secret and/or business confidential information involving Defendant's clients, business policies and practices that may cause harm to Defendant and/or Defendant's clients if made available or accessible publicly or to Defendant's competitors. Good cause therefore exists for the issuance of this protective order which will allow the parties to engage in discovery in the above-captioned lawsuit while providing a means for limiting access to, and disclosure of, private, confidential and/or trade secret information. The purpose of this protective order is to protect the confidentiality of such materials as much as practical during the litigation.

2.  This Protective Order shall govern the production, use, handling, and disclosure of confidential documents, testimony, information produced, given, or created during this litigation, including by third parties.  Any document, testimony, or information produced, given, or created during this litigation which is asserted in good faith by any party to contain "trade secret" information, as defined in California Civil Code section 3426.1(d)[1], or personal information, including but not limited to, confidential information regarding Defendant's current and/or former employees, including information about employees' pay, contact information, social security numbers, and/or performance histories, Defendant's clients, defendant's proprietary business policies and practices as sufficient to establish a trade secret under California law, Defendant's proprietary software, or any other information covered by state or federal privacy laws shall be designated as confidential.  Such documents, testimony, and information are referred to herein as "Confidential Materials."

---

[1] California Civil Code section 3426.1(d) provides that "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

1    3.    Documents so designated shall be clearly marked on their face with the stamp "CONFIDENTIAL."  Where confidential documents are contained on a hard drive, compact disc, thumb drive, or other similar media, the media must also be labeled "CONFIDENTIAL."

4.    As to deposition testimony, Confidential Materials may be designated by: (a) declaring on the record that the testimony is to be treated as confidential with instructions to so designate on the cover of the transcript; or (b) designating the transcript, or specific pages of the transcript, as confidential.  In order to designate specific pages of the transcript as confidential, the designating party must order the transcript within ten (10) business days of the conclusion of the deposition from the court reporter and serve a notice of the designations identifying the Confidential Materials by page and line number within twenty (20) calendar days after counsel receives the transcript.

5.    Such designation may be made by any party or non-party producing materials in this Action or by a party who determines, in good faith, that materials produced by another party or a non-party may contain confidential information.  The party producing the materials is referred to herein as the "Producing Party" and the party receiving the materials as the "Receiving Party."  The party asserting that the materials should be designated as confidential is referred to herein as the "Designating Party."

6.    Such designation may be challenged by a Receiving Party which believes, in good faith, that the designation was inappropriate.  In the event the Receiving Party seeks to challenge the designation of materials as Confidential, the Receiving Party shall provide written notice of the material that it seeks to challenge.  The Parties shall meet and confer within seven (7) days of receiving such notice.  If the Parties are unable to resolve their dispute, the Designating Party must file a motion to determine the propriety of the challenged designation, pursuant to Local Rule **37** 7, **(FFM)** that identifies the challenged material and sets forth the justification for its designation.  Said motion must be filed within ten (10) days of notice by the Receiving Party that the meet and confer has

-2-

failed. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

7. Confidential Materials, and all information derived therefrom (including any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus **deposition** testimony, conversations, or **non-public** presentations by Parties or counsel ~~to or in court or~~ in ~~other~~ settings that might reveal Confidential Material), shall not be used directly or indirectly by any person for any business, commercial, or competitive purpose whatsoever. **(FFM)** Confidential Materials shall be used solely for the purposes of this Action and shall not be transferred, disclosed, or communicated to persons or entities not covered by this order.

8. Confidential Materials shall be disclosed only to:
   a. the Court, its clerks, and its personnel;
   b. attorneys involved in the representation of a party, including in-house attorneys working on this Action;
   c. support staff, including secretaries, paralegals, legal assistants, document clerks assisting these attorneys;
   d. the Parties, including officers and employees of Defendants, provided that Confidential Materials may be disclosed only to the extent that such disclosure is reasonably necessary to the attorneys' preparation of the case;
   e. experts or consultants retained by the Parties or their attorneys to assist in the preparation of the case and any employee of such an expert or consultant;
   f. any person called to testify as a witness in a deposition or court proceeding, provided that Confidential Materials may be disclosed only to the extent necessary to assist in the preparation or examination of the witness;
   g. court reporters and their support personnel;

-3-

      h.  vendors retained to assist in the copying, imaging, scanning, or processing of documents, provided that Confidential Materials may be disclosed only to the extent necessary to provide such services.

9.  Aside from the Court, its clerks, and its personnel, each person to whom Confidential Materials will be disclosed shall execute an agreement to be bound by this Protective Order prior to the disclosure. The agreement is attached hereto as Exhibit A. Counsel disclosing Confidential Materials shall retain copies of the executed agreements. The failure of any person or entity to execute the agreement as required by this Protective Order shall not relieve any recipient of Confidential Materials from compliance with this Protective Order, provided that the recipient has actual notice of the provisions of this Protective Order.

10.  If any Producing Party inadvertently produces or discloses any Confidential Materials without marking them, the Producing Party shall promptly notify the Receiving Party that the Materials should be treated as Confidential Materials and send the Receiving Party appropriately stamped substitute copies of the items in question. Within five (5) days of receipt of the substitute copies, the Receiving Party shall return the previously unmarked items and all copies thereof. The inadvertent disclosure shall not be deemed a waiver of confidentiality.

11.  If any Producing Party inadvertently produces or discloses materials that are otherwise properly subject to a claim of attorney-client privilege, work product privilege, or any other legal privilege protecting it from disclosure, such inadvertent production or disclosure shall in no way be relied upon as a ground to support any argument that the information is no longer subject to the privilege. In the event of such inadvertent production or disclosure, the party claiming privilege shall promptly notify the Receiving Party. The Parties shall follow and comply with the procedures set forth in Federal Rule of Civil Procedure 26(b)(5)(B) for challenging the claim of privilege or protection.

12.  Nothing in this Protective Order shall be construed to limit the ways in which the Parties may make use of their own confidential information.

1    13.    Nothing contained in this Protective Order shall prejudice any party's right
2  to use Confidential Materials at trial.
3    14.    If any party wishes to use any Confidential Materials with any papers filed
4  in Court, such papers shall be accompanied by an application, pursuant to Local Rule
5  79-5.1 to file the Confidential Materials under seal.
6    15.    If the Designating Party elects to publicly disclose information in a court
7  filing, all other Parties may do likewise unless the Designating Party previously advises
8  that the disclosure was inadvertent.
9    16.    Within sixty (60) days of the conclusion of this Action (including the
10 expiration or exhaustion of all rights to appeal), the Receiving Party shall, at the written
11 request of the Designating Party, return all Confidential Materials.  The Receiving Party
12 may instead elect to destroy all such materials and provide a written certification under
13 oath to the Designating Party to that effect.  Notwithstanding this provision, (a) counsel
14 for the Parties shall be entitled to retain any pleadings or exhibits to pleadings, any
15 internal or external correspondence, transcripts, exhibits used in any proceeding or
16 deposition, attorney work product, or expert reports which include or incorporate
17 Confidential Materials; (b) counsel for the Parties shall have no duty to return or destroy
18 any copies of Confidential Materials or any copies of documents which incorporate
19 Confidential Materials that are saved on backup tapes; and (c) a testifying expert witness
20 may retain any reports or materials prepared at the request of an attorney.
21    17.    This Protective Order remains binding after the conclusion of the Action.
22 This Court shall retain jurisdiction over all persons bound by the terms of this Protective
23 Order for the purposes of enforcing this order.  If a Receiving Party is served with a
24 subpoena or an order issued in other litigation that would compel disclosure of any
25 information or items designated in this action as "CONFIDENTIAL", the Receiving
26 Party must so notify the Designating Party, in writing (by email, if possible) immediately
27 and in no event more than three (3) court days after receiving the subpoena or order.
28 Such notification must include a copy of the subpoena or court order.

1    The Receiving Party also must immediately inform in writing the Party who
2 caused the subpoena or order to issue in the other litigation that some or all the material
3 covered by the subpoena or order is the subject of this Protective Order.  In addition, the
4 Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the
5 Party in the other action that caused the subpoena or order to issue.
6    The purpose of imposing these duties is to alert the interested Parties to the
7 existence of this Protective Order and to afford the Designating Party in this case an
8 opportunity to try to protect its confidentiality interests in the court from which the
9 subpoena or order issued.
10   The Designating Party shall bear the burdens and the expenses of seeking
11 protection in that court of its confidential material — and nothing in these provisions
12 should be construed as authorizing or encouraging a Receiving Party in this action to
13 disobey a lawful directive from another court.
14   IT IS SO ORDERED.

16 Dated:  August 18, 2014            /S/ FREDERICK F.  MUMM
17                                    **Frederick F. Mumm**
                                      **United States Magistrate Judge**

# EXHIBIT A

## STATEMENT OF CONFIDENTIALITY

By signing this document, I hereby certify that I have read the Protective Order entered by the Court in *Mirza v. McRoberts*, Case No. 2:14-cv-2356 SJO (FFM) on _____, 2014.  I understand the Protective Order and its purpose and agree to abide by its terms and requirements and will not disclose any documents or information governed by the Protective Order to anyone other than counsel of record for the Parties or to use such documents or information in any other action, except as permitted by said Protective Order.


Signed: _____

Name: _____

Date: _____